Justice Jim Rice, dissenting.
¶22 The Court has based its decision on Zimmerman , which in my view, was wrongfully decided and should be overturned. Today's decision perpetuates Zimmerman's misinterpretation of Meyer . A summary of these cases is necessary to highlight the error the Court is here compounding.
¶23 In Meyer , the defendant was charged with Aggravated DUI and did not contest the existence of his two prior DUI convictions. Meyer , ¶ 3. Before trial, Meyer moved to exclude evidence of his prior convictions from the trial under M. R. Evid. 403 and 404, but "offered to stipulate to the prior convictions, for 'sentencing purposes' as long ***104 as the jury did not hear about them." Meyer , ¶ 4. The justice court denied his motion and admitted evidence of his past DUIs, because the court determined that a prior DUI conviction was an element of Aggravated DUI, which the State has the burden to prove, and the jury must find beyond a reasonable doubt in order to convict. Meyer , ¶ 5. The district court agreed, and correctly reasoned, "Meyer's offer to stipulate to the prior convictions at sentencing failed to address the issue that the Aggravated DUI statute requires the jury to find that there were prior DUI convictions in order to convict Meyer of the charged offense." Meyer , ¶ 8.
¶24 On appeal to this Court, Meyer agreed that his prior DUI convictions are elements of Aggravated DUI under § 61-8-465, MCA, but argued that his offer to stipulate to them was proper because they "need not be proven *526 beyond a reasonable doubt." Meyer , ¶ 19. However, we ruled Meyer's argument was based on the faulty premise that "alternative aggravation factors in § 61-8-465, MCA, are sentencing considerations." We rejected this notion and held that the aggravation elements under § 61-8-465, MCA, are "substantive requirements that the State must prove beyond a reasonable doubt to secure a conviction," explaining "[t]he requirement that the jury find that there was a prior DUI conviction is part and parcel of the jury's decision to convict." Meyer , ¶¶ 17, 19.
¶25 After rejecting the argument that prior DUI convictions could be stipulated to sentencing factors, the second part of our Meyer decision addressed Meyer's argument that admission of this evidence impermissibly prejudiced him. Meyer , ¶ 22. We held that "[p]roof of the prior DUI was required as an element of the offense of aggravated DUI" and evidence of Meyer's prior DUI's was therefore admissible because it "contributed to the conviction" by "establish[ing] a statutory element required" under § 61-8-465, MCA. Meyer , ¶ 24. We recognized that admission of these prior convictions was "[u]ndoubtedly" prejudicial but held that "[a] defendant does not have the right to have the prosecution 'sanitized to the point that important and probative evidence must be excluded.' " Meyer , ¶¶ 24-25 (quoting State v. Cox , 266 Mont. 110, 122, 879 P.2d 662, 669 (1994) ). We concluded that evidence of Meyer's prior DUI convictions was relevant and admissible, despite the prejudicial effect.
¶26 Shortly after Meyer , a different panel of this Court decided Zimmerman , which had similar facts. Zimmerman was also charged with aggravated DUI and moved to exclude evidence of his prior DUI convictions under M. R. Evid. 403. Zimmerman , ¶ 9. He acknowledged ***105 his prior convictions were elements of the charged crime but offered to stipulate to them, arguing that if the jury were to hear about them, "the prejudice would be insurmountable." Citing Meyer , the State argued that Zimmerman's prior convictions were admissible because, as an element of aggravated DUI, the State was required to prove the convictions beyond a reasonable doubt. Zimmerman , ¶ 10. The district court agreed and denied Zimmerman's motion. Zimmerman , ¶ 11. The jury was presented evidence of his prior DUI convictions during trial and returned a guilty verdict.
¶27 On appeal, this Court reversed the district court's decision to admit the evidence by narrowing Meyer almost to oblivion. According to the Court, Meyer was distinguishable from Zimmerman "in one critical respect"-that is, Meyer offered to stipulate to his prior convictions "at sentencing ," where Zimmerman "offered to stipulate to his prior convictions as an element of the offense , to obviate the need to introduce this evidence." Zimmerman , ¶¶ 35-36 (emphasis in original). Zimmerman held that the defendant could stipulate to his prior convictions, thus absolving the State from its responsibility to prove every element of the charged offense.
¶28 In my view, Zimmerman is clearly incorrect. Meyer addressed the same issue that was central to Zimmerman : whether a defendant's proffered stipulation to the element of a crime can prevent the State from presenting evidence of that element to the jury. As described above, Meyer was a two-part holding. First, we held that Meyer was wrong to claim that his prior DUI convictions could be stipulated to at sentencing. Secondly, we held that "[p]roof of the prior DUI was required as an element of the offense of aggravated DUI," and was therefore relevant and admissible. Meyer , ¶ 24.
¶29 Zimmerman 's analysis only considered the first part of the Meyer holding, and side-stepped the second part. Despite acknowledging that "Meyer argued similar evidentiary bases for exclusion of his prior DUI convictions" as Zimmerman, the Court determined that Meyer's arguments "were framed within the context of the prior DUI convictions being 'relevant only as a "penalty provision" [that] did not need to be proven at trial.' " Zimmerman , ¶ 35 (quoting Meyer , ¶ 7 ) (emphasis omitted). However, this described Meyer's argument , not the Meyer Court's holding . Zimmerman erroneously concluded that the entire Meyer decision could be narrowed as existing only in the sentencing context. The Court ignored the second part of the decision, which was the crux of the holding, namely, that Meyer's *527 argument to exclude evidence of his prior convictions was wrong because these ***106 convictions were an element of the offense and thus, could not be stipulated away from the jury. Meyer , ¶ 24.
¶30 The analytical problem with Zimmerman is that it made the rules of evidence superior to the elements of crime, and in doing so, stripped the jury of its duty to convict if, and only if, the State proves each element beyond a reasonable doubt. State v. Daniels , 2011 MT 278, ¶ 33, 362 Mont. 426, 265 P.3d 623 ("A fundamental principle of our criminal justice system is that the State prove every element of a charged offense beyond a reasonable doubt."). The Court distinguished the other aggravating elements under § 61-8-465(1)(a-d), MCA, reasoning that they, unlike prior DUI convictions, "do not abrogate a defendant's right to be tried on the merits of the charge for which he is being prosecuted, without injecting undue prejudice into the proceedings if that prejudice can be avoided." Zimmerman , ¶ 38. However, such treatment of an element of the crime has never been permitted, nor does it make sense. Prior DUI convictions are an element of the crime of Aggravated DUI. Courts have discretion to admit or exclude certain evidence based on its prejudicial effect, but they do not have the authority to determine which statutory elements must be proven. Such authority lies solely with the Legislature.
¶31 Turning to Holland's case, I disagree with the Court's reliance on Zimmerman 's incorrect rationale to again hold that "[o]ur decision in Meyer is easily distinguishable from the case at hand." Opinion, ¶ 14. The Court misstates Meyer by indicating that the defendant argued his prior DUIs were not an element of aggravated DUI. Opinion, ¶ 14 ("Meyer argued that evidence of his prior DUIs was only relevant as a penalty provision and offered to stipulate to the prior convictions at sentencing, not as an element of the crime of Aggravated DUI."). However, as we made clear, "Meyer agrees that the aggravation elements ... are elements of the crime of Aggravated DUI." Meyer , ¶ 19. The Court explains here that evidence of Meyer's prior DUI convictions was required to prove an element of the crime, but then makes no attempt to articulate why we should treat evidence of Holland's prior DUI convictions differently than we did in Meyer . Opinion, ¶ 14. The only rationale the Court offers is that "as in Zimmerman , Holland readily admits that her prior DUIs are an element of Aggravated DUI." Opinion, ¶ 14. As noted above, the same admission was made in Meyer , yet the Court relies on this misstatement to differentiate Holland's case from Meyer -in the same way Zimmerman did. As in Zimmerman , the Court here ignores the second part of the Meyer holding. Meyer settled the issue central to Zimmerman and the present case: prior ***107 DUI convictions must be proven by evidence beyond a reasonable doubt for a defendant to be convicted of Aggravated DUI under § 61-8-465(1)(e), MCA.
¶32 The Court's sidestepping of Meyer in the same way Zimmerman did is improper. Meyer clearly applies here, as it should have in Zimmerman . Accordingly, I would overturn Zimmerman and affirm here under Meyer . I would not employ the bifurcation process that results from the Court's incorrect analysis of the issue.